**United States District Court**
**District of Massachusetts**

|                           |   |                     |
|---------------------------|---|---------------------|
| **ANUNZIE VIEL,**         | ) |                     |
|                           | ) |                     |
|       **Petitioner,**     | ) |                     |
|                           | ) | **Criminal Action No.** |
|       **v.**              | ) | **06-10056-NMG**    |
|                           | ) |                     |
| **UNITED STATES OF AMERICA,** | ) |                 |
|                           | ) |                     |
|       **Respondent.**     | ) |                     |
|                           | ) |                     |

**MEMORANDUM & ORDER**

**GORTON, J.**

In the present action, defendant Anunzie Viel ("Viel" or "defendant") seeks for a third time to reduce the sentence handed down by this Court in 2008. Once again, the Court will deny her motion.

In February, 2008, Viel pled guilty to one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). In May, 2008, she was sentenced to the mandatory minimum sentence of 120 months required under § 841(b)(1)(A) for distribution of between 50 and 280 grams of cocaine base.

Defendant has since made multiple efforts to have her sentence reduced. In May, 2009, defendant filed a pro se motion under 28 U.S.C. § 2255 to reduce her sentence by claiming entitlement to the retroactive effect of sentencing guidelines amendments adopted by the U.S. Sentencing Commission. The Court denied that motion in December, 2009 because Viel was

-1-

subjected to a mandatory minimum sentence which was not controlled by the crack cocaine guidelines [and accordingly] she is ineligible for any sentence reduction pursuant to 18 U.S.C. § 3583(c)(2) and the so-called "crack amendments."

In July, 2011, Viel filed a second pro se motion under § 2255 to reduce her sentence based on the Fair Sentencing Act of 2010, 124 Stat. 2372, which reduced the mandatory minimum sentence from 10 years to five years for a defendant convicted of distributing 50 to 280 grams of cocaine base. Upon the filing of defendant's motion, the Court appointed the Federal Public Defender's Office to represent defendant in October, 2011. In June, 2012, defendant and the government filed a joint motion which, in effect, withdrew Viel's petition "because she received a 120-month minimum mandatory sentence and is currently ineligible for relief under 18 U.S.C. § 3583(c)(2)." Accordingly, the Court dismissed Viel's § 2255 petition in October, 2012.

In February, 2014, defendant, again pro se, filed the subject motion, her third, to reduce her sentence under § 2255. Viel contends that the Smarter Sentencing Act, which purportedly reduces the mandatory minimum sentence applicable to Viel, renders her eligible for a sentencing reduction.

In July, 2014, based on his prior representation to this Court in the joint status report of June, 2012 that Viel is "currently ineligible for relief under 18 U.S.C. § 3583(c)(2)," defense counsel moved to withdraw because of his conflict with

-2-

his client's pro se motion. See Anders v. California, 386 U.S. 738 (1967).

Although defendant's logic is sound, her arguments are based on a bill that has not yet been enacted. As currently drafted, the Smarter Sentencing Act would appear to require a retroactive reduction in Viel's mandatory minimum sentence but defendant will become eligible for such a reduction only if that bill is enacted by both chambers of Congress and is signed by the President. Accordingly, defendant's motion will be denied as moot.

Because defendant relies in her pro se motion on an unenacted bill, the Court perceives no conflict that would bar her current defense counsel, an able member of the defense bar, from continuing to represent her. That conclusion would continue to be viable even if the anticipated law is to apply retroactively. His motion to withdraw will, therefore, be denied.

**ORDER**

For the foregoing reasons, defendant's motion to reduce sentence pursuant to U.S.C. § 3582(c)(2) (Docket No. 39) is **DENIED** and defense counsel's motion to withdraw (Docket No. 42) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated August *11*, 2014

-3-